IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILIP McDOWELL (B-46854), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09 C 8033 |
| ) | |
| ANITA ALVAREZ, et al. ) | Judge Ronald A. Guzman |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Philip McDowell, an inmate currently incarcerated at Danville Correctional Center, filed this 42 U.S.C. § 1983 suit against Cook County State's Attorney Anita Alvarez, County of Cook, and the Village of Alsip. Plaintiff seeks access to DNA and fingerprint evidence gathered in the investigation of the murder of Joseph Panky. Plaintiff pleaded guilty to the murder in 1993. Plaintiff filed a post-conviction motion in the Circuit Court of Cook County seeking access to the evidence, which the state court denied. Plaintiff then brought this action. The Defendants have each filed a motion to dismiss, contending that the state court's denial of Plaintiff's post-conviction motion bars him from raising his claims here under either the *Rooker-Feldman* doctrine or *res judicata*. Plaintiff has responded. For the following reasons, the court denies the Defendants' motions to dismiss without prejudice to refiling their motions, wherein they addresses the status of Plaintiff's state court proceedings.

**I.     BACKGROUND**

In 1993, Plaintiff McDowell pleaded guilty to the 1989 murder of Joseph Freeman-Pankey. Pankey was stabbed to death in his Chicago hotel room and his Buick Regal was stolen. Plaintiff had traveled to Chicago with Pinkey. Plaintiff indicates that he was beaten by officers before he pleaded guilty. Plaintiff submits with his § 1983 complaint an affidavit of another inmate, Charles Fehill, who

states that Glenn Seratt confessed to killing Pankey. (Complaint, Exh. C, 26-34; *see also* R.41, Plaintiff's Response to Motion to Dismiss, 3-4.)[1]

Plaintiff was sentenced to 60 years of imprisonment. Plaintiff subsequently filed a state habeas petition, which in 2002, the Illinois Supreme Court remanded to the Circuit Court of Cook County with instructions to treat as a state post-conviction petition and to conduct an evidentiary hearing on Plaintiff's claim of actual innocence. (Complaint, Exh. A.).

Plaintiff's pleadings indicate that, following the remand, he filed two requests for access to fingerprint and DNA evidence in the Cook County Circuit Court. In 2006, he filed a petition under 725 ILCS 5/116-3 seeking access to the evidence. (Petition not in record). Section 5/116-3 allows post-conviction access to evidence in certain situations. In 2008, he filed a motion to conduct discovery in his post-conviction case, again seeking access to the fingerprint and DNA evidence. (Complaint, Exh. B.) Plaintiff stated in that motion that, in 2007, his attorney in his cirminal case was granted limited access to a box of evidence that contained fingerprint and DNA evidence collected from the Buick and that the evidence was still intact. (*Id.*) Plaintiff also stated that he was filing his request as a discovery motion because he knew that the access to evidence allowed under section 5/116-3 did not apply to persons who pleaded guilty. (Complaint, Exh. B at 2.)

Section 5/116-3 states that a person convicted in Illinois may seek post-conviction access to fingerprint and DNA evidence for testing that was not available at the time of conviction. To obtain such access, the movant must make a prima facie showing that "identity was the issue in the trial which resulted in his or her conviction." 725 ILCS 5/116-3(b)(1). In *People v. O'Connell*, 227 Ill.2d 31, 879 N.E.2d 315, 319 (Ill. 2007). the Illinois Supreme Court held that "defendants who plead guilty may not avail themselves of section 116-3." The court reasoned that "those defendants . . . have not contested their identity at trial." *Id.*

---

[1] Neither party presents state court records that clearly set out the history of this case. The court has thus used various parts of pleadings for the background information.

At a hearing in February 2009, the Cook County Circuit Court denied Plaintiff's discovery motion. (Complaint, Exh. C, Copy of 2/27/09 Hearing.) The state trial court held that, because Plaintiff pleaded guilty, he could not seek access to such evidence under 5/116-3, and that he could not seek the same relief through a discovery motion in his post-conviction proceeding under 735 ILCS 5/122-6. (*Id.* at 9-10.)

Following the state trial court's denial, Plaintiff brought this § 1983 suit seeking access to the DNA and fingerprint evidence.

## II. ANALYSIS

Plaintiff contends that Illinois law allows post-conviction access to evidence in order to establish actual innocence. (Complaint at 4.) Plaintiff states that, although there is no federal constitutional claim of actual innocence, such a claim exists under the Illinois constitution. (*See* R. 31, Pl.'s Response, 10, *citing People v. Washington*, 171 Ill.2d 475, 665 N.E.2d 1330 (1996)). He contends that access to the evidence is necessary for him to prove actual innocence. Plaintiff states that denying such access to convicted persons who pleaded guilty while allowing access to those who were convicted following a trial constitutes Equal Protection and due process violations. (*Id.*)

The Defendants (the Cook County State's Attorney and the Village of Aslip) argue that Plaintiff is barred from raising his claim seeking access to evidence in this Court based upon two doctrines: (1) the *Rooker-Feldman* doctrine and (2) *res judicata*. The Defendants further contend that there is no constitutional right to evidence after a conviction. (*See* R. 30 and 34, Defs' Motions to Dismiss.)

### A. Standard of Review

When reviewing a motion to dismiss, this court considers to be true all well pleaded allegations, and any inferences reasonably drawn therefrom. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Under the notice pleading requirement of Fed. R. Civ. P. 8(a), a complaint need only state a federal claim and provide enough information to sufficiently give notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint,

however, must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776-77 (7th Cir. 2007). If a plaintiff pleads facts demonstrating that he has no claim, a court may dismiss the complaint. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). Affirmative defenses, such as claim preclusion and the *Rooker-Feldman* doctrine, that are clear from the complaint may be addressed in a motion to dismiss as opposed to a summary judgment motion. *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008).

### B. *Rooker-Feldman* and *Res Judicata*:

The *Rooker-Feldman* doctrine is rooted in the two Supreme Court decisions from which the doctrine the doctrine is named. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The essence of the doctrine is that the federal district courts do not have the authority to engage in appellate review of state court judgments. With the exception of federal petitions for a writ of habeas corpus, Congress authorizes only the United States Supreme Court to engage in appellate review of state courts judgments. *See* 28 U.S.C. § 1257; *Gilbert v. Illinois State Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010). "The *Rooker-Feldman* principle prevents a state-court loser from bringing suit in federal court in order effectvely to set aside the state-court judgment." *Gilbert*, 591 F.3d at 900. This jurisdictional bar applies even if the state court judgment is erroneous or unconstitutional. *Id.* The doctrine, however, does not apply to federal court review of claims that are independent of a state court judgment, and a party may bring a claim in federal court alleging a "prior injury that a state court failed to remedy." *Id.* (citation omitted).

Under *res judicata*, a final judgment in a case bars further claims by parties or their privies based on the same cause of action. *Ross v. Board of Educ. of Tp. High School Dist. 211*, 486 F.3d 279, 282 (7th Cir. 2007). The preclusive effect of a state court judgment on a subsequently filed § 1983 action is determined by the state's laws concerning the effects of its judgments. *See Licari v. City of*

*Chicago*, 298 F.3d 664, 666 (7th Cir. 2002). With respect to Illinois judgments, in order for *res judicata* to apply, the state court's decision must: (1) have reached a final judgment on the merits; (2) involve the same parties or their privies as the current claims; and (3) constitute the same cause of action as the current claims. *Garcia v. Village of Mount Prospect*, 360 F.3d 630, 635 (7th Cir. 2004).

Both the *Rooker-Feldman* doctrine and *res judicata* require that there be a final judgment in the state court proceedings. In the instant case, the state court addressed the issue of Plaintiff's post-conviction access to evidence via a motion for discovery in his post-conviction case. (R. 1, Complaint, Exhs. B & C.) At the same hearing where the state court denied Plaintiff's motion, the court asked if the parties were prepared to proceed with the post-conviction petition, and the court sought to set dates to address Plaintiff's post-conviction petition. The State's Attorney indicated that a response to the petition was not yet ready. (R. 1, Complaint, Exh. C.) The record of Plaintiff's § 1983 case does not indicate whether the state court ruled on Plaintiff's post-conviction petition or whether there are any appellate proceedings pending with respect to that petition.

The Court notes that Illinois considers a denial of a petition seeking post-conviction access to evidence under 5/116-3 to be a final judgment. *People v. Savory*, 197 Ill.2d 203, 756 N.E.2d 804 (Ill. 2001). However, the instant case involves the denial of a discovery motion in a state post-conviction proceeding. Prior to this Court addressing the preclusive effect of the state court's ruling, the issue of the finality of that ruling must be determined. Accordingly, the Court denies the motion to dismiss without prejudice. The Defendants may refile their motion if they address the status of Plaintiff's post-conviction proceedings and the finality of the state court's decision on Plaintiff's post-conviction request for access to fingerprint and DNA evidence.

### III. CONCLUSION

For the reasons stated above, Defendants' motions to dismiss [29, 33] is denied without prejudice. The Defendants may refile their motions if they are able to demonstrate that the finality of

state court judgment they contend bars Plaintiff from bringing the instant 42 U.S.C. § 1983 action in this court.

**ENTER:**

_____
**Ronald A. Guzman
United States District Court Judge**

**DATE: July 6, 2010**