**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **PHILIP W. MCDOWELL,** | ) | |
| | ) | |
| **Plaintiff** | ) | **No. 09 C 8033** |
| | ) | |
| **v.** | ) | **Judge Ronald A. Guzman** |
| | ) | |
| **ANITA ALVAREZ, in her official capacity** | ) | |
| **as Cook County State's Attorney, et. al.,** | ) | **Magistrate Judge** |
| | ) | **Maria Valdez** |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT COOK COUNTY STATE'S ATTORNEY ANITA ALVAREZ'S REPLY IN
SUPPORT OF HER MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) AND
12(b)(6)**

NOW COMES Defendant ANITA ALVAREZ, State's Attorney of Cook County, by and

through her counsel, Assistant State's Attorney Lilianna M. Kalin, and submits this reply brief in

support of her motion to dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(1) and 12(b)(6).

Based on her Motion and accompanying Memorandum, and the argument herein, she asks that

this Honorable Court dismiss Plaintiff's complaint with prejudice.

**ARGUMENT**

**I.     THE *ROOKER-FELDMAN* DOCTRINE DENIES THIS COURT OF SUBJECT
        MATTER JURISDICITON OVER PLAINTIFF'S CLAIMS**

The Plaintiff seeks to sever his federal claims from the state court judgment which according

to plaintiff caused the injury plaintiff complains of in the instant matter.  Plaintiff argues that he

"does not at all challenge the Circuit Court's 'decision' to apply the O'Connell 'rule' to his post-

conviction discovery request."  Response p. 6  Contrary to plaintiff's argument, that is precisely

the basis of plaintiff's complaint before this court.  The exclusive cause of McDowell's alleged

injury is the Circuit Court of Cook County's application of 725 ILCS 5/116-3 to the allegations

1

in McDowell's post-conviction petition. But for the Circuit Court of Cook County's determination that analysis and comparison of the physical evidence is not permitted under Illinois law based on McDowell's guilty plea, plaintiff would have no claim. Thus, the Rooker-Feldman doctrine bars plaintiff's claim as a result of it not being independent of the state-court judgment.

Plaintiff erroneously attempts to abate the jurisdictional question by arguing that the Illinois Supreme Court's holding *in People v. O'Connell*, 221 Ill. 2d 31 (2007) was the exclusive cause of his injury and therefore, according to plaintiff this court has jurisdiction over his claims**.** State prisoners must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). Plaintiff failed to present his constitutional claims to the state court. Plaintiff failed to appeal the circuit court's February 27, 2009 ruling denying plaintiff's motion to test DNA evidence pursuant to 725 ILCS 5/116-3. Whichever argument plaintiff posits to impute jurisdiction on this court he is fundamentally asking this court to reverse the decision of the circuit court with regard to his entitlement to analyze and compare the physical evidence. Under *Rooker-Feldman*, not only is this court powerless to reverse the decision, it lacks subject matter jurisdiction to even renew it. *See Jensen v. Foley,* 295 F.3d 745, 747 (7th Cir. 2002) (holding that the *Rooker-Feldman* doctrine generally bars plaintiffs from bringing § 1983 actions to remedy injuries arising from a state court's decision). Accordingly, Cook County State's Attorney Anita Alvarez asks this court to dismiss McDowell's complaint with prejudice pursuant to FRCP 12(b)(1).

## II.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(6)

### A.    PLAINTIFF FAILED TO EXHAUST HIS STATE COURT REMEDIES

Plaintiff in his Responsive Memorandum misconstrues defendant's argument that he failed to exhaust his state court remedies and misapplies the relevant law. Plaintiff's reliance on the Court's holding in *Osborne v. Dist. Attorney's Office*, is misplaced and fails to support his argument that he may proceed with his §1983 action without exhausting state court remedies. 129 S.Ct. 2308 (2009). The Court in *Osborne* did not address the issue of exhaustion, rather the Court "assumed without deciding that the Court of Appeals was correct that *Heck* [did] not bar Osborne's §1983 claim." *Id.* at 2316. The rationale propounded by *Osborne* allowed federal courts to interfere with a state's post-conviction procedures only when the state's procedure "'offend[ed] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental,' or 'transgressed any recognized principle of fundamental fairness in operation.'" *Id* at 2320 quoting *Medina v. California,* 505 U.S. 437, 446, 448 (1992) McDowell's complaint fails to set forth any challenge or inadequacies of Illinois' post-conviction procedures. Although, McDowell may not be barred from pursuing a §1983 claim this does not imply that he has a cognizable claim that does not require the exhaustion of state court remedies.

Plaintiff acknowledges that there is an obvious difference between the claims raised by *Heck* and plaintiff. Response p.7 Precisely these differences separate the instant matter from the proposition enunciated in *Heck* that "in general, exhaustion of state remedies is not a prerequisite to an action under §1983." *Heck v. Humphrey*, 114 S.Ct. 2364. 2369 (1994). The Court expressly rejected the exhaustion approach to §1983 claims that sought monetary damages for an alleged unconstitutional conviction. *Id.* at 2374. McDowell, does not seek monetary relief for an alleged unconstitutional conviction but instead seeks this Court to order the release of evidence for DNA testing which coincides with a previously filed post-conviction petition of

actual innocence.  The nature of his claim and the relief he seeks fall outside of the parameter of *Heck* and thus do not preclude him from exhausting his state court remedies.

Plaintiff argues that the distinctions raised by defendant in comparing *Skinner* and *Osborne* fail to "carv[e] out an exhaustion of state remedies requirement."  Response p. 8. Plaintiff's argument is without merit.  In *Skinner*, plaintiff's §1983 claim challenged the statute that denied him access for DNA testing after he availed himself of the state's courts remedies, McDowell neither challenges the state court statute nor did he avail himself of state court remedies.  Likewise, in *Osborne* the plaintiff attacked the state's post conviction procedures. The comparisons of the aforementioned cases to the instant matter expose the inadequacies of plaintiff's claims and plaintiff's overreaching assertion to have this court intervene on his behalf. Accordingly, Cook County State's Attorney Anita Alvarez asks this court to dismiss McDowell's complaint with prejudice pursuant to FRCP 12(b)(6).

## B.      PLAINTIFF'S CLAIM IS BARRED BY RES JUDICATA

Plaintiff attempts to bypass the doctrine of res judicata by stating that in his complaint "he merely alludes to the denial of his [state] discovery motion as an historical fact relevant to an understanding of his §1983 claim."  McDowell now claims that his federal claims could not be farther apart than those raised by him in state court.  There is no clearer understanding that the essence of plaintiff's claims in state court and those before this court are the same.  The relief plaintiff seeks this court to grant is evident in plaintiff's own words to "compel the conclusion Plaintiff is entitled to access to the evidence for DNA testing and fingerprint comparison." Complaint p. 6.

As argued in defendant's Memorandum in Support of Her Motion to Dismiss, all three requisite factors for the doctrine of res judicata to apply exist in this case to bar McDowell's

claim against State's Attorney Alvarez. First, the Circuit Court of Cook County, a court of competent jurisdiction over all of McDowell's claims, determined that McDowell was not entitled to retest physical evidence for the presence of DNA because he had pled guilty to the crime and thus was foreclosed by controlling precedent (*O'Connell*) from availing himself of the remedy provided in 725 ILCS 5/116-3.

Second, McDowell claimed in circuit court an entitlement to retest the physical evidence, now in his response brief he makes a desperate attempt to distance himself from that claim, however that is the essence of his §1983 claims here as well. Since "[s]tate courts have jurisdiction over § 1983 claims" (*Behavioral Inst. of Ind. v. Hobart Common Council*, 406 F.3d 926, 932 (7th Cir. 2005)), McDowell could have asserted in the circuit court that he was entitled to retest the evidence on the additional grounds that are contained in his complaint to this court in addition to his claimed entitlement under 725 ILCS 5/116-3. As defendant previously argued "a final judgment on the merits in a court of competent jurisdiction bars the same parties or their privies from relitigating not only the issues that were in fact raised and decided ***but also all other issues which could have been raised in the prior action***." *Lee v. City of Peoria*, 685 F.2d 196, 199 (7th Cir. 1982) (emphasis added).

The third prong is satisfied, at least insofar as the Cook County State's Attorney is concerned, since Ms. Alvarez is being sued in her official capacity and is therefore in privity with the respondent in McDowell's circuit court case. *Id.* at 200. Accordingly, his Complaint should be dismissed with prejudice as a matter of law pursuant to FRCP 12(b)(6).

## C. PLAINTIFF HAS FAILED TO ESTABLISH A PROCEDURAL DUE PROCESS CLAIM

For the first time in his response brief, plaintiff makes a procedural due process claim attacking Section 116-3 of the Illinois Code of Criminal Procedure as interpreted by the Illinois

Supreme Court in *O'Connell*. Plaintiff attempts to impute that claim based on defendant's own argument in her Memorandum in Support of her Motion to Dismiss. Pursuant to the Court's holding in *Osborne*, plaintiff now attempts to challenge the post-conviction procedures promulgated by Illinois' Post-conviction Hearing Act. In *Osborne*, the court noted that the plaintiff in a case such as this bears the burden of demonstrating the inadequacy of the procedures available to him in state post-conviction relief. 129 S.Ct. at 2321. Plaintiff's complaint fails to meet this burden. Moreover, plaintiff failed to avail himself of the post-conviction procedures when he voluntarily dismissed his petition on the eve of the petition proceeding to a third stage evidentiary hearing. Instead, McDowell simply assumes an entitlement to such evidence. Thus, plaintiff should be precluded from advancing his procedural due process claim. As a result, he has failed to state a claim for denial of procedural due process under section 1983 and this Complaint should therefore be dismissed with prejudice pursuant to FRCP 12(b)(6).

### D. PLAINTIFF HAS FAILED TO ESTABLISH AN EQUAL PROTECTON CLAIM

McDowell makes no allegations of intentional discrimination, has not identified any particular protected class to which he might belong, nor has he alleged that any similarly situated persons received differing treatment. Plaintiff fails to identify how the manner of his conviction creates a protected class. Again, plaintiff's complaint falls silent to his claims as he attempts to incorporate arguments from his brief as allegations. As such, he has have failed to state an equal protection claim, and thus it too must be dismissed in its entirety.

### CONCLUSION

Therefore, McDowell's claims against Cook County State's Attorney Anita Alvarez should be dismissed in their entirety pursuant to FRCP 12(b)(1) and 12(b)(6).

Respectfully submitted,
ANITA ALVAREZ
State's Attorney of Cook County

By:     _/s/ Lilianna M. Kalin_____
        Lilianna M. Kalin

Lilianna M. Kalin
Assistant State's Attorneys
500 Richard J. Daley Center
Chicago, IL  60602
312 603-2721