Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 8033 (appellate court no. 12-3134) | **DATE** | 10/24/2012 |
| **CASE TITLE** | Philip W. McDowell (B-46854) vs. Anita Alvarez, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Philip McDowell's current motion to proceed *in forma pauperis* ("IFP") on appeal [136] is denied without prejudice. Based upon McDowell's statement of issues he intends to raise on appeal [137], the appeal described will necessarily fail and this Court therefore certifies that the appeal, as described, would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). McDowell is given 30 days from the date of this order to submit another statement of his appellate issues in accordance with this order. His failure to submit such a statement will result in the denial of his motion to proceed IFP on appeal with prejudice. The clerk shall mail a copy of this order to the PLRA Attorney, U.S. Court of Appeals.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

     Plaintiff Philip McDowell is currently incarcerated at the Danville Correctional Center. He seeks to appeal this Court's August 15, 2012, judgment granting Defendants' motion to dismiss and dismissing this case with prejudice. In that decision, this Court concluded that: (1) McDowell's 42 U.S.C. § 1983 claims seeking access to DNA and fingerprint evidence were barred by *res judicata* based upon the Cook County Circuit Court's February 27, 2009, denial of his motion seeking the same relief, and (2) McDowell stated no constitutional claims with respect to his inability under Illinois law to obtain post-conviction access to evidence following his guilty-plea conviction. (*See* R. 127, 8/15/12 Memorandum Opinion.) McDowell filed a notice of appeal and a motion to proceed IFP on appeal. In its September 25, 2012, order, this Court noted that McDowell's IFP application was incomplete, denied without prejudice his motion to proceed IFP on appeal, directed him to submit a completed application, and directed him to submit a statement of the issues he seeks to raise on appeal so that this Court could determine whether the appeal was being taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. Civ. P. 24(a)(1). McDowell has submitted a completed IFP application and a statement of the issues he intends to raise on appeal. Although the IFP application is sufficient, his statement of his appellate issues indicates that his appeal is not being taken in good faith.

     A finding that an appeal is not taken in good faith is essentially equivalent to a finding of frivolousness, *i.e.* "that no reasonable person could suppose [the appeal] to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962) (the Supreme Court has held that good faith is to be judged by an objective standard and involves determining only if the appellant seeks "review of any issue not frivolous"); *Eckardt v. Kouri,* No. 11-1011, 2011 WL 3625628 at *1 (C.D. Ill. Aug. 17, 2011). "An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." *Smeigh v. Johns Manville, Inc.*, 643 F.3d 554, 565 (7th Cir. 2011) (citation and internal quotation marks omitted); *see also In re Gulevsky*, 362 F.3d 961, 964 (7th Cir.2004) ("An appeal is frivolous when the appellant's arguments are utterly meritless and have no conceivable chance of success.")

     As noted above, this Court dismissed the complaint on two grounds. McDowell states that he seeks to

| STATEMENT |
|---|

challenge only one of these grounds – the determination that *res judicata* applies and bars him from raising his claim in a § 1983 action in this Court. His statement of issues identifies no ground for appeal arising from this Court's determination that Illinois' denied access to evidence in a post-conviction proceeding for persons who pleaded guilty violates no constitutional right.

  The lack of any challenge in McDowell's appeal of this Court's determination that there was no constitutional claim to support a § 1983 action would present an appeal for which no relief could be granted. Such an appeal would have no chance of success and the result of such an appeal is obvious. An appellant's failure to brief an issue on appeal "results in a waiver of those arguments omitted from his opening brief." *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002) (where an appellant briefed only the statute of limitations issue but not the determination of no constitutional violation with the underlying claim, the Seventh Circuit has held that "[b]ecause the appellant ha[d] waived his constitutional claims by way of omission, th[e] Court [wa]s without grounds to grant habeas relief").

  Accordingly, based upon McDowell's current statement of issues he intends to raise on appeal, this Court must certify that the appeal is not being taken in good faith. The current motion to proceed IFP appeal on appeal [#136] is denied without prejudice. This Court will allow McDowell an additional opportunity to submit another statement of his appellate issues. He is given 30 days from the date of this order to submit another statement. His failure to do so will result in the denial of his motion to proceed IFP on appeal with prejudice, at which time he would have 30 days to challenge this Court's denial in the appellate court. *See* Fed. R. App. P. 24(a)(5).

  McDowell need not submit another IFP application, as his most recent application is sufficient to assess an initial partial filing fee.